[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2006
THOMAS K. KAHN
CLERK

No. 05-12909
Non-Argument Calendar

_____

D. C. Docket No. 04-00563-CR-T-23MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL BORDEN-BRYAN,
a.k.a. Miguel Borden,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 5, 2006)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Miguel Borden-Bryan ("Borden") appeals his 168-month sentence for

possession with the intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), (j) and 21 U.S.C. § 960(b)(1)(B)(ii).

On appeal, Borden argues that the district court treated the guidelines as mandatory, in violation of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Borden appears to raise a pre-Booker sentencing challenge that he was sentenced pursuant to a mandatory guideline scheme. Borden, however, was sentenced in May 2005, four months after Booker was issued. WE reject Borden's argument that the district court felt that it did not have the discretion to sentence outside of the guidelines. The district court followed Booker by indicating at sentencing that it would first determine an advisory guideline range, then ask the parties to call attention to any matters under the § 3553(a) factors that should be considered in sentencing. The court later stated that it would sentence Borden pursuant to the Sentencing Reform Act, to the extent that it was applicable after Booker, and 18 U.S.C. § 3553(a). In short, based on the totality of the sentencing

2

transcript, we are satisfied that the district court properly understood that the guidelines were advisory and followed the post-Booker procedures at sentencing. Thus, there is no error in the district court's treatment of the guidelines.

**AFFIRMED.**